Filed 5/12/14  P. v. Barfield CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. BORIS R. BARFIELD, Defendant and Appellant. | B250217 (Los Angeles County Super. Ct. No. BA398909) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Anne H. Egerton, Judge.  Affirmed.

Joshua L. Siegel, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

At approximately 2:15 a.m. on June 16, 2012, a student at the University of Southern California observed defendant Boris R. Barfield sodomizing Joseph M. in a parking lot outside Joseph's apartment near the campus. At the time, Joseph was unconscious from alcohol intoxication, having consumed drinks with fellow classmates before walking home alone and encountering Barfield. The student who witnessed the crime saw "two men, one was on the floor, face down, and the other was on top, kind of, and it looked like he was humping the body on the floor." The witness further observed that the man on the ground was "not moving at all" and "seemed pretty unresponsive." Joseph had no memory of the incident.

The People charged Barfield in an amended information with sodomy of an unconscious person (Pen. Code, § 286, subd. (f); count 1),[1] sodomy of an intoxicated person (§ 286, subd. (i); count 2), and assault with intent to commit sodomy (§ 220, subd. (a)(1); counts 3 and 4). The information specially alleged as to all counts that Barfield had suffered seven prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and had served two separate prison terms for felonies (§ 667.5, subd. (b)). Barfield pleaded not guilty to the charges and denied the special allegations.

The trial court granted the People's motion to dismiss count 4, assault with intent to commit sodomy, in furtherance of justice (§ 1385). The court also granted Barfield's motion for a bifurcated jury trial on the prior conviction allegations. A jury convicted Barfield on count 2, sodomy of an intoxicated person, and count 3, assault with intent to commit sodomy. The jury was unable to reach a verdict on count 1, sodomy of an unconscious person. The court declared a mistrial as to that count and granted the People's motion to dismiss it.

---

[1] All further statutory references are to the Penal Code.

After Barfield admitted one of the prior prison term enhancements, the trial court dismissed the remaining special allegations on the People's motion. The court sentenced Barfield to an aggregate state prison term of seven years consisting of the middle term of six years for sodomy of an intoxicated person (count 2), plus one year for the prior prison term enhancement. The court stayed imposition of sentence on count 3 pursuant to section 654. The court awarded Barfield 766 days of presentence custody credit (383 actual days and 383 days of conduct credit). The court ordered Barfield to pay a $40 court security fee, a $30 criminal conviction assessment, a $340 sex offender fine, and a $240 restitution fine and to register as a convicted sex offender. The court imposed and suspended a parole revocation restitution fine pursuant to section 1202.45.

## DISCUSSION

We appointed counsel to represent Barfield on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On January 24, 2014 we advised Barfield that he had 30 days to submit any contentions or issues he wished us to consider. We have not received a response.

We have examined the record and are satisfied that Barfield's attorney on appeal has fully complied with the responsibilities of counsel and that there are no arguable issues. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

3

**DISPOSITION**

The judgment is affirmed.

SEGAL. J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*]     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.